IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| AMBER BIZIKO, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO: 1:16-cv-111 |
| vs. | § | |
| | § | |
| STEVEN VAN HORNE, | § | |
| MICHELLE N. VAN HORNE, | § | |
| A HABITAT FOR LEARNING, and | § | |
| LOVING INDIVIDUALS GENERATING | § | |
| HEALING TODAY | § | |
| | § | |
| Defendants. | § | |

**SECOND AMENDED COMPLAINT**

*[Jury Trial Demanded]*

Plaintiff AMBER BIZIKO files her Complaint against STEVEN VAN HORNE, MICHELLE N. VAN HORNE, A HABITAT FOR LEARNING, and LOVING INDIVIDUALS GENERATING HEALING TODAY and alleges as follows:

SUMMARY

1. STEVEN VAN HORNE, MICHELLE N. VAN HORNE, A HABITAT FOR LEARNING, and LOVING INDIVIDUALS GENERATING HEALING TODAY (hereinafter Collectively "Defendants") required and/or permitted AMBER BIZIKO (hereinafter "Plaintiff") to work in excess of forty hours per week but refused to compensate her properly for such hours.

2. Defendants' conduct is in violation of the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work. *See*, 29 U.S.C. § 207(a).

3. Plaintiff is a FLSA non-exempt worker who has been denied overtime pay required by law, for which she now seeks recovery.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 201, Et. Seq. and 28 U.S.C. § 1331.

5. Venue is proper in the Northern District of Texas because Defendants engage in business here.

### THE PARTIES

6. Defendants STEVEN VAN HORNE and MICHELLE N. VAN HORNE are over eighteen years of age and residents of Abilene, Texas.

7. Defendant A HABITAT FOR LEARNING is a domestic non-profit corporation operating as a school in Texas.

8. Defendant LOVING INDIVIDUALS GENERATING HEALING TODAY is a domestic non-profit corporation operating in Texas.

### COVERAGE

9. Defendants A HABITAT FOR LEARNING and LOVING INDIVIDUALS GENERATING HEALING TODAY are each an enterprise that engages in commerce or in the production of goods for commerce.

10. Defendants MICHELLE N. VAN HORNE and STEVEN VAN HORNE were the managing agents of A HABITAT FOR LEARNING, said Defendants acted and act directly in the interests of the Defendant A HABITAT FOR LEARNING and LOVING INDIVIDUALS GENERATING HEALING TODAY. Defendants MICHELLE N. VAN HORNE and STEVEN VAN HORNE effectively dominated A HABITAT FOR LEARNING and LOVING

INDIVIDUALS GENERATING HEALING TODAY administratively, or otherwise act, or have the power to act, on behalf of the corporation vis-à-vis its employees and had the authority to direct and control the work of others. Therefore, Defendants MICHELLE N. VAN HORNE and STEVEN VAN HORNE were each an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

11. Each Defendant acted, either directly or indirectly, in the interest of an employer with respect to Plaintiff

12. Accordingly, each Defendant is both a covered "enterprise" and an "employer" under the FLSA.

13. Defendants have had, and continue to have, an annual gross income of sales made or business done of not less than $500,000.

14. In furtherance of Defendants' business, Defendants' employees including Plaintiff handled, sold or otherwise utilized goods and materials and handled equipment that had been moved in or produced for such commerce.

### FACTUAL ALLEGATIONS

15. Defendants provide educational services, including but not limited to the operation of a daycare and/or a school.

16. Plaintiff is a former employee of Defendants who was employed by Defendants as a caregiver for children 18 months or younger and later as an assistant director from on or about 03/26/2014 to on or about 03/18/2016.

17. Plaintiff approximates that she worked an average of 55 hours per week for Defendants.

18. Defendants compensated Plaintiff $9.00 per hour for every hour worked, regardless of the number of hours worked per week.

19. Plaintiff did not receive her time-and-a-half overtime compensation in violation of the FLSA and received straight-time pay for all hours exceeding 40 in a workweek.

20. Defendants improperly classified Plaintiff as exempt for FLSA purposes.

21. Defendants combined, constituted a single employer of Plaintiff in that there was 1) interrelated operations among Defendants; 2) centralized control of labor and employment decisions among Defendants; 3) common management among Defendants; and common ownership or financial control among Defendants.

22. Defendants A HABITAT FOR LEARNING and LOVING INDIVIDUALS GENERATING HEALING TODAY use the same accounting firm, Abilene Book Keeping, to handle their payroll and bookkeeping operations.

23. Defendants A HABITAT FOR LEARNING and LOVING INDIVIDUALS GENERATING HEALING TODAY use the same mailing address: 3242 Beltway South, Abilene, Texas 79606.

24. All time sheets submitted to Defendants A HABITAT FOR LEARNING and LOVING INDIVIDUALS GENERATING HEALING TODAY were reviewed by Defendant STEVEN VAN HORNE or by one of Defendants' supervisors, Lyndie.

25. Defendant MICHELLE VAN HORNE sits on the Board of Directors for Defendant A HABITAT FOR LEARNING, while Defendant STEVEN VAN HORNE sits on the Board of Directors for Defendant LOVING INDIVIDUALS GENERATING HEALING TODAY, and a third party, Mark Almeda, sits on the board for both Defendants A HABITAT FOR LEARNING and LOVING INDIVIDUALS GENERATING HEALING TODAY.

26. Defendant Steven Van Horne founded both Defendants A HABITAT FOR LEARNING and LOVING INDIVIDUALS GENERATING HEALING TODAY.

27. Defendants, in an attempt to avoid paying Plaintiff her overtime premiums, began paying Plaintiff a "stipend," paid in cash in the amount of her regular hourly rate times the number of hours she worked, through Defendant LOVING INDIVIDUALS GENERATING HEALING TODAY for additional work she performed at Defendant A HABITAT FOR LEARNING and then tried to state that the time she spent working at Defendant A HABITAT FOR LEARNING while receiving the "stipend" was "volunteer time." At all times while performing work for A HABITAT FOR LEARNING, whether she was compensated through A HABITAT FOR LEARNING or LOVING INDIVIDUALS GENERATING HEALING TODAY, Plaintiff performed the same or similar job duties.

**CAUSES OF ACTION**
**_COUNT I_**
**_VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")_**

28. Plaintiff incorporates all allegations contained in the preceding paragraphs.

29. At all relevant times Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

30. Defendants' failure to pay overtime compensation to Plaintiff violates the FLSA.

31. Plaintiff is not exempt from the right to receive the appropriate overtime pay under the FLSA.

32. As a result of Defendants' failure to compensate its employees, including Plaintiff, Defendants have violated—and continue to violate—the FLSA, 29 U.S.C. §201, Et Seq.

33. Accordingly, Plaintiff is entitled to unpaid overtime wages, liquidated damages, as well as reasonable attorneys' fees and costs of this action as provided by 29 U.S.C. § 216(b).

34. Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described pursuant to 29 U.S.C. § 216(b).

35. Alternatively, should the Court find Defendants acted in good faith and that they had reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

36. Plaintiff is entitled to have the limitations period extended to three years because Defendants' actions were willful.  29 U.S.C. § 216(b).

37. WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorney's fees, and such other remedies as the court deems just and appropriate.

## PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered in her favor awarding her:

A. overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one-half times her regular rate;

B. an equal amount as liquidated damages as allowed under the FLSA;

C. damages accrued up to three years;

D. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

E.   pre-judgment and post judgment interest at the highest rates allowed by law; and

F.   such other relief as to which Plaintiff may be entitled.

        Respectfully submitted,

        **GOLDBERG & LOREN, PA**
        By: /s/ James M. Loren, Esq.
        **James M. Loren**
        **Attorney-in-charge**
        Federal Bar No.: 55409FL
        George Z. Goldberg
        Federal Bar No. 031186FL
        Rachael Rustmann
        TX Bar No. 24073653
        3102 Maple Ave, Suite 450
        Dallas, Texas 75201
        Main Phone:   800-719-1617
        Facsimile:     (954) 585-4886
        jloren@lorenlaw.com
        rrustmann@goldbergloren.com
        ggoldberg@goldbergdohan.com
        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on July 9, 2018 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

                                            Goldberg & Loren, P.A.
                                            1776 N. Pine Island Road, Suite 224
                                            Plantation, FL 33322
                                            Phone:       (954)585-4878
                                            Facsimile:   (954)585-4886
                                            E-Mail:      JLoren@goldbergloren.com

                                            _____
                                            James M. Loren, Esquire

**SERVICE LIST VIA ECF**

Larry Meadows, Esquire
Attorney at Law
P.O. Box 1084
Brownwood, Texas 76804
Phone: (817) 300-6263
Fax: (512) 287-3130
E-Mail: lm@meadowsllp.com
Counsel for Defendants