IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| AMBER BIZIKO, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO: 1:16-cv-111 |
| vs. | § § | |
| STEVEN VAN HORNE, MICHELLE N. VAN HORNE, A HABITAT FOR LEARNING, and LOVING INDIVIDUALS GENERATING HEALING TODAY | § § § § § § | |
| Defendants. | § § | |

## DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE UNITED STATE DISTRICT JUDGE:

Come now STEVEN VAN HORNE, MICHELLE N. VAN HORNE, A HABITAT FOR LEARNING and LOVING INDIVDUALS GENERATIVE HEALING TODAY (hereinafter Collectively "Defendants"), and file this Defendants' Answer to Plaintiff's Second Amended Complaint.

### SUMMARY

1.  Defendants deny they required and/or permitted AMBER BIZIKO (hereinafter "Plaintiff") to work in excess of forty hours and that they did not properly compensate her.

2.  Defendants deny their conduct was in violation of the Fair Labor Standards Act ("FLSA").

3.  Defendants deny the allegations in Paragraph 3 of Plaintiff's Second Amended Complaint.

### JURISDICTION AND VENUE

4.  Defendants admit that the Court has jurisdiction over the subject matter of this action.

*Defendants' Amended Answer to Plaintiff's Second Amended Complaint - Page 1 of 7*

5. Defendants admit venue is proper in the United States District Court for the Northern District of Texas, Abilene Division.

## THE PARTIES

6. Defendants admit Paragraph 6 of Plaintiff's Second Amended Complaint.

7. Defendants admit Paragraph 7 of Plaintiff's Second Amended Complaint.

8. Defendants admit Paragraph 8 of Plaintiff's Second Amended Complaint.

## COVERAGE

9. Defendants admit A HABITAT FOR LEARNING engages in commerce, otherwise Defendants deny the remaining of the allegations Paragraph 9 of Plaintiff's Amended Complaint.

10. Defendants admit MICHELLE N. VAN HORNE and STEVEN VAN HORNE were "managing agents" of A HABITAT FOR LEARNING, and said Defendants acted and act directly in the interests of Defendant A HABITAT FOR LEARNING. Defendants deny the remainder of the allegation in Paragraph 10 of Plaintiff's Amended Complaint.

11. Defendants admit Paragraph 11 of Plaintiff's Second Amended Complaint.

12. Defendants deny each Defendant is both a covered "enterprise" and an "employer" under the FLSA.

13. Defendant admit Paragraph 13 of Plaintiff's Second Amended Complaint.

14. Defendant admit Paragraph 14 of Plaintiff's Second Amended Complaint.

## FACTUAL ALLEGATIONS

15. Defendants admit Paragraph 15 of Plaintiff's Second Amended Complaint.

16. Defendants admit Plaintiff worked as a caregiver from on or about 03/26/2014 to on or about 03/18/2016 Plaintiff's Amended Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Second Amended Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Second Amended Complaint.

19. Defendants admit Plaintiff did not receive overtime pay as she did not work overtime, but deny the remaining allegations in Paragraph 19 of Plaintiff's Second Amended Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Second Amended Complaint.

## CAUSES OF ACTION
## COUNT 1
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")

21. Defendants admit Paragraph 21 of Plaintiff's Second Amended Complaint that A HABITAT FOR LEARNING constituted a single employer of Plaintiff, Defendants otherwise deny the allegations in Paragraph 21.

22. Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Second Amended Complaint.

23. Defendants admit the allegations contained in Paragraph 23 of Plaintiff's Second Amended Complaint.

24. Defendants admit the allegations contained in Paragraph 24 of Plaintiff's Second Amended Complaint.

25. Defendants admit the allegations contained in Paragraph 25 of Plaintiff's Second Amended Complaint.

26. Defendants admit the allegations contained in Paragraph 26 of Plaintiff's Second Amended Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Second Amended Complaint.

28. Defendants can neither admit nor deny the allegations contained in Paragraph 28 of Plaintiff's Second Amended Complaint.

29. Defendants can neither admit nor deny the allegations contained in Paragraph 29 of Plaintiff's Second Amended Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Second Amended Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Second Amended Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of Plaintiff' Second Amended Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Second Amended Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Second Amended Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Second Amended Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Second Amended Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Second Amended Complaint, in that, Plaintiff is entitled to judgment against the Defendants, jointly and severally, and deny Plaintiff is entitled to costs, reasonable attorney's fees, or such other remedies.

## PRAYER

38. Defendants deny the allegation contained in the unnumbered paragraph following Prayer Paragraph of Plaintiff's Amended Complaint (titled "Prayer"), and deny that Plaintiff is entitled to judgment or any of the relief requested in subparts (A) through (F) of that paragraph.

## AFFIRMATIVE AND OTHER DEFENSES

39. Plaintiff's claims are barred, in whole or in part, because she was exempt under the FLSA.

40. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

41. Some or all of Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands and laches.

42. The claims of Plaintiff, are barred as to all hours during which she was engaged in activities that were preliminary or postliminary to her principal activities.

43. Plaintiff's claims are barred, in whole or in part, as she ratified and/or affirmed that she was properly paid for all hours worked.

44. A three-year statute of limitation and/or liquated damages are not warranted because any violation of the FLSA by Defendants was not willful or reckless, but rather in good faith and based upon a reasonable belief that such action or omission was not a violation of the FLSA.

45. The claims of Plaintiff are barred because any acts or omissions by Defendants were in good faith conformance with a written administrative regulation, order, ruling, approval or interpretation by the Administrator of the Wage and Hour Division of the U. S. Department of Labor or an administrative practice or enforcement policy of such agency and/or judicial orders and interpretations with respect to the class of employers to which Defendants belong.

46. Plaintiff's damages are limited by the provisions of the FLSA.

47. Plaintiff would in no event be entitled to more than one-half of her regular rate of pay in any workweek for any uncompensated overtime hours worked in that workweek.

48. Defendants are entitled to an offset to any judgment regarding uncompensated overtime in this matter based on the personal time spent "on the clock" for which Plaintiff has been paid.

49. The claims of Plaintiff are barred because she has failed to state a claim upon which relief can be granted.

50. The claims of Plaintiff are barred because any act or omission giving rise to this matter were done in good faith and based on a reasonable belief that the acts or omissions complied with, and were not in violation of, the FLSA. Defendants assert that there was no willfulness or intent to violate the FLSA.

51. The claims of Plaintiff are barred because she was, at all times, compensated in accordance with the applicable provisions of the FLSA.

52. The claims of Plaintiff are barred because she has been paid and/or received all wages and other compensation due to her based on her employment with Defendants.

53. The claims of Plaintiff are barred by the doctrine of *de minimis non curat lex.*

54. The claims of Plaintiff are barred because her alleged injuries, if any, were not proximately caused by Defendants.

55. The claims of Plaintiff are barred because she failed to mitigate her damages, if any.

56. The individual Defendants, Steven Van Horne and Michelle N. Van Horne, are not individually liable as they did not commit acts or engage in conduct rising to the degree of control of Plaintiff, as Ownership alone is neither a necessary nor a sufficient condition to establish that an individual is an "employer" under the FLSA.

57. Defendants reserve the right to assert additional defenses and affirmative defenses as Plaintiff's claims are clarified in the course of this litigation.

WHEREFORE, Defendants respectfully request that the Court issue judgment that Plaintiff take nothing by her suit; that Defendants recover their taxable court costs; and for any other relief to which Defendants are entitled.

Respectfully submitted,

By: /s/ Larry Meadows
Larry Meadows
Texas Bar No. 24010835
P.O. Box 1084
Brownwood, Texas 76804
Tel. (817) 300-6263
Fax. (512) 287-3130
lm@meadowsllp.com
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2018, I filed the foregoing *Defendants' Amended Answer to Plaintiff's Second Amended Complaint* with the Clerk of the Court using the CM/ECF system and opposing counsel will be electronically served through said system as follows:

James M. Loren
Attorney-in-charge Federal Bar No.: 55409FL
George Z. Goldberg Federal Bar No. 031186FL
Rachael Rustmann
TX Bar No. 24073653
3102 Maple Ave, Suite 450
Dallas, Texas 75201
Main Phone: 800-719-1617
Facsimile:  (954) 585-4886
jloren@lorenlaw.com
rrustmann@goldbergloren.com
ggoldberg@goldbergdohan.com
Attorneys for Plaintiff

/s/ Larry Meadows
Larry Meadows