IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| AMBER BIZIKO, § | |
| § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO: 1:16-cv-111 |
| vs. § | |
| § | |
| STEVEN VAN HORNE, § | |
| MICHELLE N. VAN HORNE, § | |
| A HABITAT FOR LEARNING, and § | |
| LOVING INDIVIDUALS GENERATING § | |
| HEALING TODAY § | |
| § | |
| Defendants. § | |

## JOINT PRETRIAL ORDER

Plaintiff, Amber Biziko, and Defendants, Steven Van Horne, Michelle Van Horne, A Habitat for Learning, and Loving Individuals Generating Healing Today, by and through undersigned counsel, hereby submit their Joint Pretrial Order pursuant to this Court's Order Establishing Pretrial Deadlines dated September 30, 2019. [D.E. 92].

### I.   Summary of Claims and Defenses[1]

This case arises under the Fair Labor Standards Act, the federal law that provides for the payment of time-and-a-half of overtime pay for hours worked in excess of 40 hours per week. Plaintiff, Amber Biziko, maintains that from on or about March 26, 2014 through on or about March 18, 2016 while employed by the Defendants[2] as a caregiver and assistant director that

---

[1] Plaintiff objects to Defendants' allegations that part of her compensation was in the form of a gift, as this was not previously plead by Defendants. Plaintiff will further address this in her Motion in Limine.

[2] This Court has previously ruled that Defendants A Habitat for Learning and Loving Individuals Generating Healing Today are joint employers.

1

Defendants knowingly paid Plaintiff her flat hourly rate for all hours worked but failed to pay her the required time and a half overtime pay for hours worked in excess of 40 hours per week.

Defendants deny Plaintiff's allegations and maintain that Plaintiff did not work in excess of 40 hours per week for any of the Defendants. Nevertheless, if Plaintiff can show she worked in excess of 40 hours per week, she was compensated for said overtime. Additionally, the pay she was compensated for by Defendant Loving Individuals Generating Healing Today was in the form of a gift for volunteering with Defendant Loving Individuals Generating Healing Today.

**II.   Statement of Stipulated Facts**

The parties agree that the following are uncontested facts that will require no proof at trial:

1. This Court has jurisdiction over the subject matter of this action;
2. Venue is proper in the Northern District of Texas;
3. Defendants A Habitat for Learning and Loving Individuals Generating Healing Today are each an enterprise engaged in commerce;
4. Defendants Steven Van Horne and Michelle Van Horne were managing agents of A Habitat for Learning and said Defendants acted in the interests of Defendant A Habitat for Learning;
5. Each Defendant acted, either directly or indirectly, in the interest of an employer with respect to Plaintiff;
6. Defendants A Habitat for Learning and Loving Individuals Generating Healing Today are each engaged in interstate commerce;

7. Defendants A Habitat for Learning and Loving Individuals Generating Healing Today had an annual gross income of sales made or business done of not less than $500,000.00 for the years covering the basis of this lawsuit;

8. In furtherance of Defendants' business, Plaintiff handled, sold, or otherwise utilized goods and materials and handled equipment that had been moved in or produced for such commerce;

9. Plaintiff was employed from on or about March 26, 2014 through on or about March 18, 2016;

10. Plaintiff was paid a flat hourly rate for hours worked; and

11. Any allegations in Plaintiff's Second Amended Complaint, which were admitted by Defendants in their Answer.

### III.    Estimated Length of Trial

The parties estimate that trial will take 3-4 days.

### IV.    Additional Matters

Both parties request a pretrial conference with the Court.

### V.    Counsel's Signature

Counsel conferred with each other on the matters in this Proposed Joint Pretrial Order on November 11, 2019, and the stipulations are agreed upon, and the Proposed Joint Pretrial Order is submitted to this Court for entry.

| | |
|---|---|
| **GOLDBERG & LOREN, PA** | By: /s/ Larry Meadows |
| By: /s/ James M. Loren, Esq. | Larry Meadows |
| **James M. Loren** | Texas Bar No 24010835 |
| **Attorney-in-charge** | P.O. Box 1084 |
| FL Bar No.: 55409 | Brownwood, Texas 76804 |
| George Z. Goldberg | Tel. (817) 300-6263 |
| FL Bar No.: 31186 | Fax. (512) 287-3130 |
| Rachael Rustmann | Attorney for Defendants |

      TX Bar No. 24073653
      3102 Maple Ave, Suite 450
      Dallas, Texas 75201
      Main Phone:   800-719-1617
      Facsimile:     (954) 585-4886
      jloren@goldbergloren.com
      rrustmann@goldbergloren.com
      ggoldberg@goldbergdohan.com
      *Attorneys for Plaintiff*

Signed this _____ day of _____, 2019.

                                            _____
                                            SAM R. CUMMINGS
                                            SENIOR UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on November 11, 2019 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

              Goldberg & Loren, P.A.
              3102 Maple Ave, Suite 450
              Dallas, Texas 75201
              Phone:  (954)585-4878
              Facsimile: (954)585-4886
              E-Mail:  JLoren@goldbergloren.com

              _____
              James M. Loren, Esquire

**SERVICE LIST**

Larry Meadows
Attorney at Law
P.O. Box 1084
Brownwood, Texas 76804
(817) 300-6263
(512) 287-3130 (Fax)
lm@meadowsllp.com